AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>FABIO LOPEZ<br><br>*Defendant(s)* | )<br>)<br>) Case No. 20-6155-STRAUSS<br>)<br>)<br>) |

FILED BY _____ D.C.
MAR 1 1 2020
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __July 2019 - March 2020__ in the county of __Broward__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 2422(b) | Knowingly use a means of interstate or foreign commerce, to persuade, induce, entice, or coerce a minor who has not yet attained the age of 18 years to engage in sexual activity. |
| 18. U.S.C 2251(a) and (e) | Attempted production of child pornography |

This criminal complaint is based on these facts:

See attached affidavit

☑ Continued on the attached sheet.

_____
Complainant's signature

Vanessa Juede, SA HSI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 03/11/2020

_____
Judge's signature

City and state: Ft. Lauderdale, FL

Jared Strauss, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Vanessa Juede, Special Agent with Homeland Security Investigations (HSI), having been first duly sworn, do hereby depose and state as follows:

## INTRODUCTION

1. I am an investigative or law enforcement officer of the United States within the meaning of § 2510(7) of Title 18 of the United States Code. That is, I am an officer of the United States who is empowered by law to conduct investigations of, and make arrests for, offenses enumerated in the Title 18, United States Code, §§ 2422, 2423, 2251 and 2252, *et seq.*

2. I am employed as a Special Agent with the United States Department of Homeland Security (DHS), Homeland Security Investigations (HSI), Fort Lauderdale, Florida. I have been employed as a Special Agent since October 2002. As a Special Agent with HSI, I investigate criminal violations relating to child pornography, including violations pertaining to the illegal transportation, distribution, receipt, possession and production of child pornography, in violation of 18 U.S.C. § 2252, as well as the coercion and enticement of minors to engage in illegal sexual activity, in violation of 18 U.S.C. § 2422(b).

3. As a Federal Agent, I have received training in the investigation of child pornography and child exploitation offenses. I have participated in numerous types of investigations involving crimes against children, including investigations related to the possession, distribution, and production of materials relating to the sexual exploitation of children. In the course of these investigations, I have reviewed hundreds of still images and videos containing child pornography in all forms of media, including computer media, and have discussed and reviewed these materials with other law enforcement officers. I have executed numerous search warrants that have led to seizures of child pornography.

1

4. The information contained in this affidavit is based upon my investigation of this matter, as well as my training and experience, and the training and experience of other law enforcement officers involved. Because this affidavit is being submitted for the limited purpose of demonstrating probable cause in support of the criminal complaint it does not contain all the information known to me or other law enforcement officers.

5. This affidavit is submitted in support of a Criminal Complaint charging Fabio Lopez ("LOPEZ") with knowingly using a means of interstate or foreign commerce, to persuade, induce, entice, and coerce an individual who had not attained the age of eighteen years, that is Victim 1, to engage in any sexual activity for which a person can be charged with a criminal offense, in violation of Title 18, United States Code, Section 2422(b), and knowingly attempting to produce a visual depiction that involves the use of a minor engaging in sexually explicit conduct in violation of Title 18 United States Code, Sections 2251(a) and (e).

## SUMMARY OF INVESTIGATION

6. On January 20, 2020, a 16 year old female child ("Victim 1") and her mother, H.L., responded to the Pembroke Pines Police Department to report that LOPEZ had committed a sexual battery upon Victim 1 by touching her breasts and her vagina. H.L. advised law enforcement that she had traveled out of the country in November of 2018 and met LOPEZ at the Miami International Airport where he was then, and currently remains, employed as an officer for Customs and Border Protection ("CBP"). H.L. advised law enforcement that she met LOPEZ while being detained by him on the jet way as she departed for an international flight. H.L. advised that LOPEZ asked her for her phone number. H.L. provided LOPEZ with her phone number and developed a friendship with him. During the course of their friendship, LOPEZ visited H.L.'s residence and was

introduced to H.L.'s minor children; Victim 1 and her brother. LOPEZ was made aware that Victim 1 was a minor.

8. H.L. discussed her and her children's residency and citizenship status in the United States with LOPEZ on various occasions. As an officer for CBP, LOPEZ gave H.L. the impression that he could help her and her family with their residency. H.L reported that she was in fear of LOPEZ because he told her he had the power to "send people away" and "disappear immigrants at the border."

9. In July 2019, while H.L was out of the country, LOPEZ took Victim 1 and other family members on a boat trip. LOPEZ was subsequently given Victim 1's phone number to coordinate details of the outing. After the trip, from about July 2019 through about January 2020, LOPEZ began texting Victim 1 using the web-based application "WhatsApp," in addition to direct cellular telephone calls. During the conversations using a cellular telephone, LOPEZ made comments to Victim 1 about how beautiful she was and told her that he was there to help her. LOPEZ advised Victim 1 he could provide her with money if she needed it, and offered to pick her up from school on several occasions.

10. On January 17, 2020, LOPEZ coordinated a meeting with Victim 1 using a cellular telephone and arranged to meet Victim 1 in the parking lot of her apartment complex in Pembroke Pines, Florida. Victim 1 advised law enforcement that LOPEZ was dressed in his CBP uniform and had a firearm displayed on his waist during this meeting. LOPEZ told Victim 1 to sit in the passenger seat of his SUV. While parked in a parking spot, Victim 1 reported that LOPEZ instructed her to recline the passenger seat and lay back. LOPEZ told Victim 1 that she could make money by letting him take "sexy" photographs of her in lingerie that would reveal her

3

genitals and breasts. LOPEZ further explained to Victim 1 that he would be the one taking the photos and that they could go to a hotel to take them. Because Victim 1 was in fear of LOPEZ, she feigned interest in taking the photos. LOPEZ then fondled Victim 1's breasts, placed his hand inside of her underwear, and began to touch her vagina. LOPEZ then asked Victim 1 if he could kiss her and Victim 1 refused. Victim 1 subsequently told her mother what had transpired and they went to the police station.

11. On January 21, 2020, via text message, LOPEZ and Victim 1 had a conversation about him taking photos of her. LOPEZ reiterated to Victim 1 that he wanted to take pictures of her in sexy lingerie and that she would be paid $90.00 in exchange for producing the photos. LOPEZ further stated that when the photographs were approved by another unknown co-conspirator, Victim 1 would receive $1500.00 to $4,000.00 every six months. LOPEZ assured Victim 1 that *he* would be the one taking the photos and that *he* would take her to a safe place. LOPEZ also told Victim 1 that her mother would never have to know about the photographs. LOPEZ also instructed Victim 1 not to tell anyone else as they would be jealous because there was a lot of money involved.

12. Law enforcement conducted a recorded controlled call with LOPEZ from Victim 1's cellular telephone. During the call, Victim 1 told LOPEZ she was frightened by his touching her. LOPEZ responded by asking for forgiveness and telling Victim 1 it would never happen again. During the conversation LOPEZ admitted to touching Victim 1's vagina.

13. In February of 2020, Homeland Security Investigations (HSI) Fort Lauderdale received a request for assistance from Pembroke Pines Police Department in regards to this investigation. On February 27, 2020, law enforcement received consent from H.L. to assume the

persona of Victim 1 on her cellular telephone. On February 28, 2020, an agent acting in an undercover ("UC") capacity purporting to be Victim 1, texted with LOPEZ regarding how and when to take the photographs they had previously discussed. Despite indicating that he did not want to communicate via text message, LOPEZ texted the UC purporting to be Victim 1 and repeatedly attempted to schedule an in person meeting with her.

14. On March 9, 2020, during a text message conversation with the UC purporting to be Victim 1, LOPEZ communicated to the UC purporting to be Victim 1 that she should shave in between her legs to prepare for the photographs. LOPEZ confirmed that he would focus the camera in between Victim 1's legs and that her face would not be depicted in the image.

15. The UC purporting to be Victim 1 texted with LOPEZ and expressed her nervousness regarding taking the photographs and asked LOPEZ if he would bring her favorite snacks to calm her; flaming hot Cheetos and Nutella.

15. LOPEZ and the UC purporting to be Victim 1 scheduled an in person meeting in Davie, Florida. On March 10, 2020, LOPEZ arrived at the meeting location and was taken into custody. LOPEZ was read his <u>Miranda</u> warnings and knowingly waived them. In a video and audio recorded interview, LOPEZ advised law enforcement that he had reserved a hotel room to take Victim 1 back to. LOPEZ indicated that he had gone to the hotel earlier in the day to drop off Victim 1's favorite foods and lingerie. LOPEZ provided law enforcement with consent to search the hotel room where officers recovered several items of lingerie as well as prescription medication for erectile dysfunction. LOPEZ informed law enforcement that he intended to take photographs of Victim 1 wearing the lingerie with the camera on Victim 1's cellular telephone.

5

## CONCLUSION

Based on the aforementioned factual information, your affiant respectfully submits that there is probable cause to believe that LOPEZ did knowingly use [use] a means of interstate or foreign commerce, persuade, induce, entice, and coerce an individual who had not attained the age of eighteen years, that is Victim 1, to engage in any sexual activity for which a person can be charged with a criminal offense, and attempted to do so, in violation of Title 18, United States Code, Section 2422(b), and knowingly attempt to [attempt to] produce a visual depiction that involves the use of a minor engaging in sexually explicit conduct, in violation of Title 18, United States Code, Sections 2251(a) and (e).

*FURTHER YOUR AFFIANT SAYETH NAUGHT.*

_____
Vanessa Juede, Special Agent,
Department of Homeland Security –
Homeland Security Investigations

Sworn and subscribed before me this \_\_11th\_\_ day of March 2020.

_____
THE HONORABLE JARED STRAUSS
UNITED STATES MAGISTRATE JUDGE